IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MALLINCKRODT HOSPITAL PRODUCTS IP LTD., INO THERAPEUTICS LLC and IKARIA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> PRAXAIR DISTRIBUTION, INC. and PRAXAIR, INC., <br><br> Defendants. | ) ) ) ) ) ) ) ) C.A. No. 15-170 (GMS) ) ) ) ) ) ) |

**NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF PLAINTIFFS'
OPPOSITION TO MOTION FOR JUDGEMENT ON THE PLEADINGS**

Plaintiffs Mallinckrodt Hospital Products IP Ltd., INO Therapeutics LLC, and Ikaria, Inc. (collectively "Plaintiffs") respectfully submit the attached supplemental authority in support of their opposition to Defendants Praxair Distribution, Inc. and Praxair, Inc.'s (collectively "Defendants") Motion for Judgment on the Pleadings that the claims of five of Plaintiffs' asserted patents are ineligible under 35 U.S.C. § 101. (*See* D.I. 35, 54.) On July 5, 2016, in *Rapid Litigation Management, Ltd. v. CellzDirect, Inc.*, the United States Court of Appeals for the Federal Circuit vacated the District Court's decision granting summary judgment that the patent claims at issue were invalid for being directed to patent-ineligible subject matter under 35 U.S.C. § 101. No. 2015-1570, Slip Op. (Fed. Cir. Jul 5, 2016) (attached as Exhibit A). Applying the Supreme Court's two-step *Mayo/Alice* framework, the Federal Circuit held that method claims for cryopreserving hepatocytes through multiple freeze-thaw cycles were not ineligible under § 101 because they (1) were not directed to a patent-ineligible natural law and, in any event, (2) added something inventive. *Id.* at 4, 8, 15.

At step one, the Federal Circuit held that the claims were directed not just to "the ability of hepatocytes to survive multiple freeze-thaw cycles," but instead to "a new and useful

laboratory technique for preserving hepatocytes." *Id.* at 8. The court emphasized that "the natural ability of [a] subject matter to undergo [a] process does not make" the claimed process *directed to* that natural ability. *Id.* at 10. If that were the case, the court cautioned, methods of "treating cancer with chemotherapy (as directed to cancer cells' inability to survive chemotherapy), or treating headaches with aspirin (as directed to the human body's natural response to aspirin)" would be patent-ineligible. *Id.* And the court distinguished recent cases like *Genetic Technologies Ltd. v. Merial L.L.C.*, 818 F.3d 1369 (Fed. Cir. 2016), and *Ariosa Diagnostics, Inc. v. Sequenom, Inc.*, 788 F.3d 1371 (Fed. Cir. 2015), where the claims were directed to "simply an observation or detection of" a natural principle. Slip Op. at 9-10. Instead, the court found that the claims in question were "like thousands of others that recite processes to achieve a desired outcome, e.g., methods of producing things, or methods of treating disease." *Id.* at 10.

At step two, the Federal Circuit held that even if the claims were directed to a patent-ineligible natural law, they added something inventive by "recit[ing] an improved process for preserving hepatocytes" and conferring significant benefits over the prior art methods. *Id.* at 15, 13. The Court emphasized that the claim elements must be viewed "as a whole, considering their elements 'both individually and 'as an ordered combination'" and that "'a new combination of steps in a process may be patentable even though all the constituents of the combination were well known.'" *Id.* at 14 (quoting *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 134 S. Ct. 2347, 2355 (2014), *Diamond v. Diehr*, 450 U.S. 175, 188 (1981)). The Court acknowledged that the claims' "individual steps of freezing and thawing were well known" but held that the "process of preserving hepatocytes by repeating those steps was itself far from routine and conventional." Slip Op. at 14-15. The Court distinguished the claims from the ones found ineligible in cases

like *Mayo Collaborative Services v. Prometheus Laboratories, Inc*., 132 S. Ct. 1289, 1298 (2012), where the claimed steps *in combination* "were already being performed by those in the field." Slip Op. at 14.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Derek J. Fahnestock*
_____
Jack B. Blumenfeld (#1014)
Derek J. Fahnestock (#4705)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
dfahnestock@mnat.com

OF COUNSEL:                                    *Attorneys for Plaintiffs*

Kenneth G. Schuler
David K. Callahan
Marc N. Zubick
Brenda L. Danek
Sarah W. Wang
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
(312) 876-7700

Melissa A. Brand
LATHAM & WATKINS LLP
John Hancock Tower, 27th Floor
200 Clarendon Street
Boston, MA 02116
(617) 948-6000

Andrew J. Fossum
LATHAM & WATKINS LLP
811 Main Street, Suite 3700
Houston, TX 77002
(713) 546-5400

David F. Kowalski
LATHAM & WATKINS LLP
12670 High Bluff Drive
San Diego, CA  92130
(858) 523-5400

Nicholas Yu
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA  94025
(650) 328-4600

July 8, 2016
10225035

## CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2016, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on July 8, 2016, upon the following in the manner indicated:

| | |
|---|---|
| Melanie K. Sharp, Esquire<br>James L. Higgins, Esquire<br>YOUNG CONAWAY STARGATT & TAYLOR, LLP<br>1000 North King Street<br>Wilmington, DE 19801<br>*Attorneys for Defendants* | *VIA ELECTRONIC MAIL* |
| Michael J. Abernathy, Esquire<br>Sanjay K. Murthy, Esquire<br>Maria E. Doukas, Esquire<br>Jennifer M. Dienes, Esquire<br>MORGAN, LEWIS & BOCKIUS LLP<br>77 West Wacker Drive, Fifth Floor<br>Chicago, IL 60601<br>*Attorneys for Defendants* | *VIA ELECTRONIC MAIL* |

        */s/ Derek J. Fahnestock*
        Derek J. Fahnestock (#4705)

10225035