IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| MALLINCKRODT HOSPITAL PRODUCTS IP LTD., INO THERAPEUTICS LLC, and IKARIA INC.<br><br>Plaintiffs,<br><br>v.<br><br>PRAXAIR DISTRIBUTION, INC. and PRAXAIR, INC.<br><br>Defendants. | Civil Action No. 15-170-GMS |

## ORDER

WHEREAS, on February 19, 2015, under the Hatch-Waxman Act, Plaintiffs INO Therapeutics LLC and Ikaria Inc. filed a Complaint (D.I. 1) against Defendants Praxair Distribution, Inc. and Praxair, Inc. alleging that the Defendants infringed ten patents by filing an Abbreviated New Drug Application;

WHEREAS, on July 7, 2015, the Defendants filed their Answer and Counterclaim (D.I. 11), and on July 27, 2015, the Plaintiffs filed a response (D.I. 15);

WHEREAS, on January 28, 2016, Mallinckrodt Hospital Products IP Ltd. was added as a plaintiff in this case (D.I. 55);

WHEREAS, presently before the court is the Defendants' Motion for Judgment on the Pleadings for Counts I–V of the Complaint[1] pursuant to Federal Rule of Civil Procedure 12(c) (D.I. 35), the Plaintiffs' response thereto (D.I. 54), and the Defendants' reply (D.I. 63);

---

[1] Counts I–V regard U.S. Patent Nos. 8,282,966 ("the '966 patent"); 8,293,284 ("the '284 patent"); 8,431,163 ("the '163 patent"); 8,795,741 ("the '741 patent"); and 8,846,112 ("the '112 patent").[1] (D.I. 36 at 3.) The specifications of all five patents are substantively identical. Each of these five patents claims a method of treatment wherein pediatric patients are (1) identified for potential nitric oxide treatment; (2)

WHEREAS, having considered the party's positions as set forth in their papers, the pleadings, as well as the applicable law;

IT IS HEREBY ORDERED that the Defendants' Motion for Judgment on the Pleadings (D.I. 35) is DENIED.[2]

Dated: August 3, 2016

_____
UNITED STATES DISTRICT JUDGE

---

assessed for contraindications; and (3) excluded from nitric oxide treatment if step 2 identified one of several contraindications.

[2] Pursuant to Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings "[a]fter pleadings are closed—but early enough not to delay trial." When evaluating a motion for judgment on the pleadings, the court must accept all factual allegations in a complaint as true and view them in the light most favorable to the non-moving party. *See Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008); *see also Maio v. Aetna, Inc.*, 221 F.3d 472, 482 (3d Cir. 2000). A Rule 12(c) motion will not be granted "unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." *Rosenau*, 539 F.3d at 221. This is the same standard as a Rule 12(b)(6) motion to dismiss. *See Revell v. Port Auth.*, 598 F.3d 128, 134 (3d Cir. 2010). "The purpose of judgment on the pleadings is to dispose of claims where the material facts are undisputed and judgment can be entered on the competing pleadings and exhibits thereto, and documents incorporated by reference." *Venetec Int'l, Inc. v. Nexus Med., LLC*, 541 F. Supp. 2d 612, 617 (D. Del. 2008); *see also In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (explaining that any documents integral to pleadings may be considered in connection with Rule 12(c) motion).

Section 101 describes the general categories of patentable subject matter: "Whoever invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof, may obtain a patent therefor, subject to the conditions and requirements of this title." 35 U.S.C. § 101. These broad classifications are limited, however, by exceptions. "Laws of nature, natural phenomena, and abstract ideas are not patentable." *Alice Corp. v. CLS Bank Int'l*, 134 S. Ct. 2347, 2354 (2014) (quoting *Ass'n for Molecular Pathology v. Myriad Genetics, Inc.*, 133 S. Ct. 2107, 2216 (2013)). Courts have eschewed bright line rules circumscribing the contours of these exceptions. *See id.* ("[W]e tread carefully in construing this exclusionary principle lest it swallow all of patent law. At some level, all inventions ... embody, use, reflect, rest upon, or apply laws of nature, natural phenomena, or abstract ideas.") (internal citation and quotations marks omitted).

The Defendants argue that the claims asserted in Counts I–V are not patent eligible because they are directed to a law of nature and lack an inventive concept. Specifically, the Defendants contend that the claims cover the discovery that children with left ventricular dysfunction are at increased risk of pulmonary edema and other adverse events when treated with nitric oxide. (D.I. 36 at 2.) Beyond that, the Defendants assert that "the diagnostic and dosaging limitations recited . . . [are] all well-understood, routine, and conventional activities engaged by those in the field." (D.I. 36 at 4.) The Plaintiffs respond that the Defendants' Motion should be denied because the parties dispute material facts regarding 1) whether the claims are predicated on a natural law; and 2) whether the claims recite conventional activity. (D.I. 54 at 13, 15.) Although the court found many of the Defendants' arguments to be persuasive, the court agrees with the Plaintiffs that issues of material fact remain. The court finds that it would benefit from further evidence and expert testimony regarding these complex issues. Therefore, the Defendants' Motion for Judgment on the Pleadings is denied.

2