IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MALLINCKRODT HOSPITAL PRODUCTS IP LTD., INO THERAPEUTICS LLC and IKARIA, INC., | ) ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) C.A. No. 15-170 (GMS) ) |
| PRAXAIR DISTRIBUTION, INC. and PRAXAIR, INC., | ) ) ) ) |
| Defendants. | ) |

**PLAINTIFFS' MOTION TO STRIKE PREVIOUSLY
UNDISCLOSED PORTIONS OF DEFENDANTS' PROPOSED
<u>FINDINGS OF FACT AND CONCLUSIONS OF LAW</u>**

|  |  |
|---|---|
|  | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
|  | Jack B. Blumenfeld (#1014) |
|  | Derek J. Fahnestock (#4705) |
| OF COUNSEL: | 1201 North Market Street |
|  | P.O. Box 1347 |
| Kenneth G. Schuler | Wilmington, DE 19899 |
| David K. Callahan | (302) 658-9200 |
| Marc N. Zubick | jblumenfeld@mnat.com |
| Brenda L. Danek | dfahnestock@mnat.com |
| Sarah W. Wang |  |
| LATHAM & WATKINS LLP | *Attorneys for Plaintiffs* |
| 330 North Wabash Avenue, Suite 2800 |  |
| Chicago, IL 60611 |  |
| (312) 876-7700 |  |
|  |  |
| David F. Kowalski | Jamie L. Wine |
| LATHAM & WATKINS LLP | LATHAM & WATKINS LLP |
| 12670 High Bluff Drive | 885 Third Avenue |
| San Diego, CA 92130 | New York, NY 10022-4834 |
| (858) 523-5400 | (212) 906-1200 |
|  |  |
| Michelle R. Ma | Inge A. Osman |
| Nicholas Yu | LATHAM & WATKINS LLP |
| LATHAM & WATKINS LLP | 555 Eleventh Street, NW, Suite 1000 |
| 140 Scott Drive | Washington, D.C. 20004-1304 |
| Menlo Park, CA 94025 | (202) 637-2200 |
| (650) 328-4600 |  |

TABLE OF CONTENTS

Page

I.  FACTUAL BACKGROUND ........................................................................................1

  A.  Praxair's Post-Trial Briefing ............................................................................1

  B.  Praxair Never Alleged That There Was Any Dispute as to the HF Patents' Invention Date .....................................................................................3

II.  ARGUMENT .................................................................................................................3

  A.  Plaintiffs Respectfully Request That the Court Strike Praxair's New Assertion that the Belgian VasoKINOX Authorization Was Prior Art ..................................................................................................................3

  B.  Plaintiffs Respectfully Request That the Court Strike Praxair's New Allegations Regarding the HF Patents' Invention Date ................................4

III.  CONCLUSION .............................................................................................................6

Plaintiffs Mallinckrodt Hospital Products IP Ltd, INO Therapeutics LLC, and Ikaria Inc. (collectively "Plaintiffs") through the undersigned counsel, hereby move the Court to strike the last sentence of Paragraph 34 and the entirety of Paragraphs 65-66 of Defendants Praxair Distribution, Inc.'s and Praxair, Inc.'s (collectively "Praxair") Proposed Findings of Fact and Conclusions of Law (D.I. 285.)

Praxair's post-trial brief (D.I. 285) for the first time raises two related arguments concerning Plaintiffs' HF Patents. First, Praxair asserts that the *Belgian* VasoKINOX Authorization qualifies as invalidating prior art. Second, to support its belated reliance on that reference, Praxair disputes the HF Patents' invention date. Praxair did not disclose either argument during expert discovery or in its required pretrial disclosures. Nor did it advance either argument at trial. Plaintiffs will suffer significant prejudice if Praxair's belated arguments are allowed.

Pursuant to D. Del. LR 7.1.1, Plaintiffs certify that a reasonable effort has been made to reach agreement with Praxair on the matters set forth in this motion, but the parties have been unable to reach agreement.

## I.     FACTUAL BACKGROUND

### A.     Praxair's Post-Trial Briefing

Throughout litigation, Praxair relied upon the *Spanish* VasoKINOX Authorization—not the *Belgian* VasoKINOX Authorization—for its prior-art based invalidity arguments. In his expert report, Praxair's expert Dr. Lawson did not argue invalidity based on the Belgian VasoKINOX Authorization at all. Likewise, Praxair's Statement of Contested Issues (D.I. 257, Ex. 2.2) did not refer to the Belgian VasoKINOX Authorization. Praxair's Statement of Contested Issues accordingly stated:

> Whether Defendants have proven by clear and convincing evidence that the asserted claims of the HF Patents would have been anticipated or obvious to a

person of ordinary skill in the art as of the June 30, 2009 priority date, rendering the claims invalid under 35 U.S.C. § 102 or 35 U.S.C. § 103, in light of the following prior art:[1]

- Directorate of the Spanish Drug and Healthcare Products Agency, *Resolution Authorizing the Commercialization of the Drug VasoKINOX* (Matthew R. Capelle trans, 2008) ("VasoKINOX") and what was known by a person of ordinary skill in the art;[2]

- Anne Greenough and Anthony D. Milner, *Neonatal Respiratory Disorders* (2003) ("Greenough") and what was known by a person of ordinary skill in the art;

- VasoKINOX, in view of one or more of the following: INOmax 2000 Label ("INOmax Label"); Greenough; Praveen Khilnani, *Pediatric and Neonatal and Neonatal Mechanical Ventilation* (2d ed. 2011) ("Jaypee") and/or Thore Henrichsen, et al., *Inhaled Nitric Oxide Can Cause Severe Systemic Hypotension*, 129 J. Pediatrics 183, 183 (1996) ("Henrichsen").

At trial, Praxair's obviousness case relied on the Spanish VasoKINOX Authorization. (Trial Tr. at 1227:16-23.) But as Plaintiffs point out in their post-trial briefing, Praxair failed to meet its burden of showing that the Spanish VasoKINOX Authorization was prior art, despite several attempts that the Court rejected. (D.I. 286 at ¶80; Trial Tr. at 1126:18-1134:4; 1366:16-1377:15.) Thus, by the time of post-trial briefing, Praxair understood that it had failed to prove that its primary obviousness reference, the Spanish VasoKINOX Authorization, was prior art. Recognizing that its obviousness arguments would therefore fail, Praxair's post-trial Proposed Findings of Fact alleged for the first time that "Belgian VasoKINOX (dated July 14, 2008) qualifies as prior art, even if Spanish VasoKINOX does not." (D.I. 285 at ¶66.) Notably, Praxair did not proffer any testimony from its expert asserting the Belgian VasoKINOX

---

[1] Praxair also included the following footnote: Defendants note that they may rely upon testimony and other prior art references for background and to establish the motivation, knowledge, or level of skill of a person of ordinary skill in the art.

[2] Praxair notably defined "VasoKINOX" to refer to the ***Spanish*** VasoKINOX Authorization only. (D.I. 257, Ex. 2.2 at 2.)

reference as prior art; thus, there was nothing for Plaintiffs to object to during the course of trial with regard to Praxair's belated assertion regarding Belgian VasoKINOX.[3]

### B. Praxair Never Alleged That There Was Any Dispute as to the HF Patents' Invention Date

Praxair introduced its second new argument, that Plaintiffs "failed to Prove an Earlier Invention Date," to allege that Belgian VasoKINOX Authorization is prior art. (*Id.* at ¶¶65-66.) The invention date issue has *never* been in dispute in this litigation. But Praxair needed to challenge the priority date because the Belgian VasoKINOX Authorization, dated July 14, 2008, falls within the 1-year period prior to the June 30, 2009 filing date of the HF Patents (D.I. 286 at ¶58) during which Plaintiffs could "swear behind" the art by establishing earlier conception and reduction to practice. *Mahurkar v. C.R. Bard, Inc.*, 79 F.3d 1572, 1576 (Fed. Cir. 1996). Plaintiffs did successfully swear behind the Belgian VasoKINOX reference during prosecution. (Trial Tr. at 586:2-588:11 (J. Baldassarre Cross); DTX 142 (Declaration Under 37 C.F.R. § 1.131); DTX 106 at INO_00020240 (Summary of Interview).)

Thus, Praxair argues for the first time in its post-trial briefing that Plaintiffs failed to prove an earlier invention date because the INOT22 Clinical Study Report (PTX 134) allegedly "fails to provide written corroboration of the claimed inventions of the HF Patents." (D.I. 285 at ¶34.)

## II. ARGUMENT

### A. Plaintiffs Respectfully Request That the Court Strike Praxair's New Assertion that the Belgian VasoKINOX Authorization Was Prior Art

Having failed to provide any evidence of the public availability of the Spanish VasoKINOX Authorization, Praxair now tries—for the first time in post-trial briefing—to rely

---

[3] For instance, Belgian VasoKINOX is not mentioned in any of Dr. Lawson's 264 trial demonstratives addressing the alleged obviousness of the HF Patents. (Trial Tr. at 1155:5-1297:17.)

3

upon the Belgian VasoKINOX Authorization to support its invalidity arguments. Raising new prior art arguments after trial is improper. *See, e.g.*, *Alza Corp. v. Andrx Pharm., LLC*, 607 F. Supp. 2d 614, 622 (D. Del. 2009) (striking portions of Defendants' post-trial brief pertaining to written description which was not included in the pretrial briefing).

It is also highly prejudicial to Plaintiffs. Plaintiffs justifiably relied on the prior art references that Praxair represented in the Pretrial Order that it would rely upon at trial—none of which raised an issue as to invention date of the HF Patents. At this point, Plaintiffs have no opportunity to present additional rebuttal evidence to prove either their entitlement to an earlier invention date or to challenge the Belgian VasoKINOX Authorization, either on public availability, or substance.

Praxair should not be able to circumvent its prior representations merely to preserve a fail-safe in the event that "Spanish VasoKINOX [Authorization] does not" "qualif[y] as prior art." (D.I. 285 at ¶66.) The Pretrial Order is in place so that it controls the subsequent course of the action and it can only be modified to prevent manifest injustice. *See Sample v. Diecks*, 885 F.2d 1099, 1106 (3d Cir. 1989) ("It is well established that a trial judge possesses the discretion to prohibit parties from raising matters they have failed to advance during the pretrial proceedings.").

### B. Plaintiffs Respectfully Request That the Court Strike Praxair's New Allegations Regarding the HF Patents' Invention Date

Praxair's concomitant dispute over the invention date of the HF Patents—necessitated by the introduction of the Belgian VasoKINOX Authorization as alleged prior art—is also new. Praxair did not raise the issue in its invalidity contentions, its invalidity expert report, or either its Statement of Contested Issues (D.I. 257, Ex. 2.2) or its Proposed Findings of Fact and Conclusions of Law in the Pretrial Order (D.I. 257, Ex. 7.2). Plaintiffs reasonably relied on Praxair's disclosures throughout the litigation.

4

Praxair is correct that a plaintiff "has the burden of proving" conception and reduction to practice in order to establish a pre-filing invention date. (*See* D.I. 285 at ¶65.) But this burden does not exist in every case: a pre-filing invention date is implicated only when a defendant has asserted prior art that the plaintiff could swear behind. As stated in the case Praxair cites in its Proposed Conclusions of Law:

> ***After an accused infringer has put forth a prima facie case of invalidity***, the burden of production shifts to the patent owner to produce sufficient rebuttal evidence to prove entitlement to an earlier invention date.

*Radware, Ltd. v. F5 Networks, Inc.*, 147 F. Supp. 3d 974, 988 (N.D. Cal. 2015) (*citing and quoting Taurus IP, LLC v. DiamlerChrysler Corp.*, 726 F.3d 1306, 1322 (Fed. Cir. 2013)) (emphasis added).

Here, the burden never shifted to Plaintiffs to prove an earlier invention date, because Praxair neither claimed at trial that the Belgian VasoKINOX Authorization was invalidating prior art nor introduced any evidence as to when that reference was publicly available.[4] All of the prior art that Praxair relied upon in its expert reports and at trial was alleged to be 35 U.S.C. § 102(b) prior art, which predate the June 30, 2008 critical date of the HF Patents. (D.I. 257, Ex. 2.2; Trial Tr. at 1227:17-25.) Because they cannot swear behind § 102(b) art, Plaintiffs had no reason to establish entitlement to an earlier invention date. *See, e.g.*, *Extreme Networks, Inc. v. Enterasys Networks, Inc.*, 558 F. Supp. 2d 909, 918 (W.D. Wis. 2008), *aff'd in part and vacated*

---

[4] In any event, in an abundance of caution, Plaintiffs did establish through inventor Dr. James Baldassarre that the HF Patents were conceived and reduced to practice before June 30, 2008. (Trial Tr. at 514:18-515:22; *see also* D.I. 286 at ¶58.) Dr. Baldassarre's testimony was corroborated by the revised INOT22 Protocol (PTX 20 at 963; Trial Tr. at 500:7-16), which excluded patients with LVD, as well as the Clinical Study Report (PTX 134 at 77), which recites a particular risk of pulmonary edema and other SAEs in such patients. (Trial Tr. at 515:7-22.) Had Plaintiffs known Praxair would dispute this issue, they would have been able to allot more time to it at trial and more space on it in their post-trial brief. Notably, when Plaintiffs asked Praxair to confirm whether it would be dropping any issues in post-trial briefing, Praxair did not inform Plaintiffs that it would not include its written description defense in its Proposed Findings of Fact and Conclusions of law, knowingly causing Plaintiffs to needlessly expend 2.5 pages.

*in part on other grounds*, 395 F. App'x 709 (Fed. Cir. 2010) (refusing to rule on a dispute involving the "date of invention" when there was no "reason for seeking a determination of the correct date").

By failing to raise this issue prior to post-trial briefing, Praxair has waived any argument that the HF Patents are not entitled to an earlier invention date. *See, e.g.*, *Cunningham v. Healthco, Inc.*, 824 F.2d 1448, 1458 (5th Cir. 1987) (citing a number of cases in which "defenses not raised or argued at trial are ordinarily waived by the parties failing to raise them").

### III.  CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that the Court strike the last sentence of Paragraph 34 and the entirety of Paragraphs 65-66 of Praxair's Proposed Findings of Fact and Conclusions of Law.

|  | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
|---|---|
| | */s/ Derek J. Fahnestock* |
| OF COUNSEL: | _____ |
| | Jack B. Blumenfeld (#1014) |
| Kenneth G. Schuler | Derek J. Fahnestock (#4705) |
| David K. Callahan | 1201 North Market Street |
| Marc N. Zubick | P.O. Box 1347 |
| Brenda L. Danek | Wilmington, DE  19899 |
| Sarah W. Wang | (302) 658-9200 |
| LATHAM & WATKINS LLP | jblumenfeld@mnat.com |
| 330 North Wabash Avenue, Suite 2800 | dfahnestock@mnat.com |
| Chicago, IL  60611 | |
| (312) 876-7700 | *Attorneys for Plaintiffs* |

David F. Kowalski
LATHAM & WATKINS LLP
12670 High Bluff Drive
San Diego, CA  92130
(858) 523-5400

Michelle R. Ma
Nicholas Yu
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA  94025
(650) 328-4600

Jamie L. Wine
LATHAM & WATKINS LLP
885 Third Avenue
New York, NY  10022-4834
(212) 906-1200

Inge A. Osman
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, D.C.  20004-1304
(202) 637-2200

May 16, 2017

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 16, 2017, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on May 16, 2017, upon the following in the manner indicated:

| | |
|---|---|
| Melanie K. Sharp, Esquire<br>James L. Higgins, Esquire<br>YOUNG CONAWAY STARGATT & TAYLOR, LLP<br>1000 North King Street<br>Wilmington, DE  19801<br>*Attorneys for Defendants* | VIA ELECTRONIC MAIL |
| Michael J. Abernathy, Esquire<br>Sanjay K. Murthy, Esquire<br>Maria E. Doukas, Esquire<br>Jennifer M. Dienes, Esquire<br>Jesse T. Dyer, Esquire<br>Caroline S. Lourgos, Esquire<br>Jason C. White, Esquire<br>MORGAN, LEWIS & BOCKIUS LLP<br>77 West Wacker Drive, Fifth Floor<br>Chicago, IL  60601<br>*Attorneys for Defendants* | VIA ELECTRONIC MAIL |
| Julie S. Goldemberg, Esquire<br>Margaret A. McGreal, Esquire<br>MORGAN, LEWIS & BOCKIUS LLP<br>1701 Market Street<br>Philadelphia, PA  19103<br>*Attorneys for Defendants* | VIA ELECTRONIC MAIL |

*/s/ Derek J. Fahnestock*
_____
Derek J. Fahnestock (#4705)