IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MALLINCKRODT HOSPITAL PRODUCTS IP LTD., INO THERAPEUTICS LLC and IKARIA, INC. | ) ) ) |
| Plaintiffs, | ) C. A. No.: 15-170-GMS ) ) ) |
| v. | ) ) |
| PRAXAIR DISTRIBUTION, INC. and PRAXAIR, INC., | ) ) ) |
| Defendants. | ) ) |

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE

Defendants Praxair Distribution, Inc. and Praxair Inc. (collectively "Praxair") oppose Plaintiffs Mallinckrodt Hospital Products IP Ltd., INO Therapeutics LLC, and Ikaria, Inc. (collectively, "Plaintiffs'") motion to strike the last sentence of paragraph 34 and the entirety of paragraphs 65-66 of Praxair's Proposed Findings of Fact and Conclusions of Law (hereinafter, "Post-Trial Brief") (D.I. 285). Plaintiffs assert that these portions of Praxair's Post-Trial Brief contain supposedly "new" arguments that will cause them to "suffer significant prejudice" (D.I. 291 at 1), specifically that (i) the July 14, 2008 Belgian VasoKINOX is prior art and (ii) Plaintiffs failed to prove an earlier invention date. Plaintiffs' motion disregards multiple facts that are fatal to its cause—most notably that *Plaintiffs'* admissions and evidence voluntarily presented at trial are the source of these allegedly "new" arguments.

*First*, Plaintiffs, not Praxair, introduced Belgian VasoKINOX into evidence at trial. Plaintiffs then allowed testimony from two witnesses on its teachings without any objection.

*Second,* before Praxair even offered any evidence on invalidity, Plaintiffs attempted to "swear behind" Belgian VasoKINOX in their case in chief and failed to meet their burden of proof.

*Third,* Plaintiffs' expert, Dr. Rosenthal, testified that a *2009* publication qualified as "prior art," thus opening the door (unexpectedly, based on Plaintiffs' portions of the pre-trial order) for Belgian VasoKINOX (dated July 14, 2008) to be prior art.

*Fourth*, contrary to Plaintiffs' assertions, Belgian VasoKINOX was included in Praxair's invalidity expert report and was also cited in Praxair's 35 U.S.C. § 282 notice. *See* D.I. 258.

Given these facts, Plaintiffs' claim of "significant prejudice" is meritless.[1] Plaintiffs' motion is an attempt to rewrite the trial record they created, not remedy any unfair conduct by Praxair, and it should be denied.

**I.     ARGUMENT**

   **A.     Plaintiffs Introduced Belgian VasoKINOX into Evidence at Trial**

Plaintiffs' motion notably fails to mention that it was Plaintiffs, not Praxair, who introduced Belgian VasoKINOX into evidence through Dr. Baldassarre:

> Q.   Let's go to page 388 of PTX-20, the next page of this document. If we can blow up the portion at the top of the page. Dr. Baldassarre, there are two references listed here. What is the second reference next to (b)?
> A.   Again, this appears to be the Belgian Health Authority approval for the use of VasoKINOX in Belgium.

---

[1] If any party was surprised by Belgian VasoKINOX, it was Praxair, who had no notice that Plaintiffs would: (i) affirmatively rely upon Belgian VasoKINOX, (ii) attempt to swear behind it, and then (iii) have their invalidity expert testify the HF Patents were entitled to a June 30, 2009 date, instead of the June 30, 2008 date.

> Q. Let's go back to that IDS one more time. Mr. Haw, can you bring up Page 429 of PTX-20, please. Dr. Baldassarre, looking now again at this IDS submitted by applicant. What are References 1 and 3?
> A. 1 again is the Health Authority approval for VasoKINOX. And No. 3, again, is the letter from the Canadian office, including the documents related to the protest.

Trial Tr. at 534:8-23; *see also* Trial Tr. at 532:5-10, 535:24-536:8. Under the pre-trial order, once an exhibit was admitted into evidence, it could be used by "*any party.*" D.I. 257 ¶ 4 (emphasis added). The pre-trial order further states, "limitations as to [an exhibit's] admission" and "objections to the relevance or admissibility of any evidence" should be made "at the time such evidence is offered." *Id.* If Plaintiffs wanted to limit the consideration of Belgian VasoKINOX, it was incumbent on them to make a request.[2] Yet, no limiting instruction was sought.

Moreover, Plaintiffs allowed Praxair to question Dr. Baldassarre on the contents of Belgian VasoKINOX without any objection, including allowing Dr. Baldassarre to confirm that Spanish VasoKINOX and Belgian VasoKINOX have the same teachings. *See, e.g.*, Trial Tr. at 562:14-24, 565:9-12, 578:25-580:1, 590:11-591:1. Plaintiffs also allowed Defendant's expert, Dr. Lawson, to testify that the teachings of Belgian VasoKINOX and Spanish VasoKINOX were the same, again without objection:

> Q. In your opinion, does the Spanish VasoKINOX labeling contain the same LVD contraindication as the Belgian one?
> A. Yes, the Spanish version does contain exactly the same contraindication, left ventricular dysfunction.

Tr. 1231:3-6, *see also* 1228:6-12, 1230:22-1231:2. Moreover, as Drs. Lawson and Baldassarre both confirmed that the relevant teachings in Spanish VasoKINOX and Belgian VasoKINOX are *identical*, Plaintiffs' compliant that Dr. Lawson did not separately address Belgian VasoKINOX

---

[2] Of course, Plaintiffs did not have to admit Belgian VasoKINOX into evidence at all.

in his obviousness analysis is groundless.  (D.I. 291 at 3 n.3.)  Indeed, any such analysis would have been redundant.

Plaintiffs' belated objection to the use of Belgian VasoKINOX after introducing it themselves and allowing multiple witnesses to be questioned concerning its contents is meritless.

### B. Praxair's Arguments Regarding Plaintiffs' Failure to Prove an Earlier Invention Date Should Not be Stricken

Plaintiffs' assertion that Praxair's arguments regarding the HF Patents' invention date should be stricken once again ignores the evidence Plaintiffs presented at trial.  Plaintiffs were represented by experienced counsel who presumably understood that Belgian VasoKINOX would qualify as Section 102(a) invalidating prior art if they could not successfully prove an earlier invention date.  Indeed, the PTO Examiner had used Belgian VasoKINOX to finally reject the claims of the '112 patent after considering forty pages of arguments and three declarations, necessitating Dr. Baldassarre's swear behind.[3]  Tr. 578:25-579:4; 579:24-580:1.  But despite the negative history surrounding this reference, Plaintiffs' counsel *chose* to introduce Belgian VasoKINOX and then attempted to have Dr. Baldassarre swear behind it in their case in chief.  Plaintiffs thus elected to put the sufficiency of Dr. Baldassarre's swear behind evidence at issue.

Plaintiffs' attempt to swear behind, however, did not address multiple claim elements and thus failed to prove an earlier invention date than the June 30, 2009 filing date of the HF Patents' parent application.  D.I. 285 ¶¶ 65-66.  Plaintiffs concede that they bear the burden of proof on this issue, but now try to argue this burden never shifted to them.  D.I. 291 at 4-5.  But none of the cases Plaintiffs cite addresses the unique situation presented here, where a patentee

---

[3]  Plaintiffs claim they were denied the right to contest VasoKINOX's status as prior art or its substance.  (D.I. 291 at 4.)  Plaintiffs, however, never contested VasoKINOX's status as prior art during prosecution in the forty pages of arguments and three declarations submitted to the PTO, and Dr. Baldassarre admitted the teachings of the VasoKINOX references are identical. Trial Tr. at 562:14-24, 582:5-588:11.  Thus, Plaintiffs have not been denied any procedural rights.

*unilaterally* puts the burden on itself by admitting prior art that the PTO previously found invalidating and then attempting to swear behind it.

Plaintiffs' argue now that they either (i) did not know Belgian VasoKINOX was 102(a) prior art Praxair might rely on, or (ii) did not know their invention date was ever "at issue." D.I. 291 at 2-3. Plaintiffs' decision to elicit testimony from Dr. Baldassarre to try and prove his alleged invention date refutes both of these claims. Plaintiffs clearly understood the potential risk of admitting this evidence, which is presumably why they went through the trouble of trying to establish an earlier invention date and then included a specific finding of fact on the issue in their post-trial brief. D.I. 286 ¶ 58.

That Plaintiffs now regret introducing Belgian VasoKINOX and putting the "swear behind" at issue, or wish they devoted more pages in their brief on the subject, does not justify striking Praxair's argument that they did not meet their burden. This is especially true when, as explained below, Dr. Rosenthal used "prior art" from 2009 to testify that the HF Patents were allegedly not obvious, thereby abandoning any claim to an invention date in 2008. *See infra* Section C.

### C. Plaintiffs' Expert Relied on a 2009 Priority Date for the HF Patents

Plaintiffs' argument that relying on Belgian VasoKINOX as prior art is "highly prejudicial" since Praxair did not include it in its pre-trial submission ignores testimony from their own expert, which opened the door for Praxair to rely on it. Dr. Rosenthal testified that he "looked at the *prior art*" to investigate whether there would be a motivation to combine. Trial Tr. at 1425:15-1427:4 (emphasis added). Dr. Rosenthal specifically cited a ***2009*** publication by Soll ("Soll 2009") as supporting his opinion that the prior art did not contain a motivation to

combine.[4] *Id.* Consistent with his testimony, Dr. Rosenthal's demonstrative classified the Soll 2009 publication as "prior art."



(PDX-9099) (highlighting and annotations added).

Plaintiffs cannot rely on a 2009 publication as "prior art" to rebut invalidity arguments while simultaneously arguing that Belgian VasoKINOX dated July 14, 2008 does not qualify as prior art. Indeed, accepting Plaintiffs' argument would lead to an absurd result where the Soll 2009 publication is considered prior art for obviousness purposes, but Belgian VasoKINOX is not. No Federal Circuit authority permits such an incongruous outcome.[5] Thus, after Plaintiffs admitted a potential invalidating reference into evidence, Dr. Rosenthal contradicted Dr.

---

[4] Dr. Rosenthal's trial testimony was surprising because in his expert report he had opined that the HF Patents were conceived and reduced to practice in May 1, 2008. Rosenthal Rebuttal Report ¶ 71.

[5] Plaintiffs assert that they established through Dr. Baldassarre the HF Patents were conceived and reduced to practice before June 30, 2008. D.I. 291 at n.4. But Dr. Baldassarre's swear behind cannot be reconciled with Dr. Rosenthal's testimony that a 2009 publication was "prior art" demonstrating non-obviousness.

01:21968934.1

Baldassarre's swear behind story and abandoned any reliance on a 2008 invention date.  None of this was Praxair's doing.

Since Plaintiffs introduced Belgian VasoKINOX into evidence and then had their expert testify that documents from 2009 were "prior art," Praxair is entitled to rely on Belgian VasoKINOX to prove invalidity.  Thus, contrary to Plaintiffs' argument, this is not a case of "[r]aising new prior art arguments after trial," (D.I. 291 at 4), but rather raising an argument based on prior art and evidence that was *admitted and discussed at trial*.

### D. Praxair Identified Belgian VasoKINOX as Prior Art

Plaintiffs' assertion that Praxair never identified Belgian VasoKINOX as prior art is wrong.  D.I. 291 at 1-2.  Belgian VasoKINOX was identified as prior art from the file history of the '112 patent, was attached as Exhibits MM and NN to Dr. Lawson's invalidity expert report, and discussed extensively in paragraphs 70, 71, 73-77, 1213, 1235, 1236, 1237, 1247-1252, 1254 of that report.[6]  Belgian VasoKINOX was also included in Praxair's notice of prior art that might be used at trial under 35 U.S.C. § 282.  D.I. 258 at 2 (identified as "Federal Agency for Medicines and Health Products: Public Assessment Report Decentralised Procedure, VasoKINOX 450 ppm mole/mole, inhalation gas, cylinder, Nitric Oxide (2008)").

The fact that Praxair's pre-trial brief relied on Spanish VasoKINOX (which has the same teachings as Belgian VasoKINOX) does not evidence any potential waiver.  This is especially true given Plaintiffs' decision to open the door at trial by introducing Belgian VasoKINOX into evidence and having Dr. Rosenthal subsequently testify that the Soll 2009 publication was prior art.  Indeed, the Federal Rules contemplate situations where parties open the door to new arguments at trial that are not even reflected in the pleadings.  *See* Fed. R. Civ. P. 15(b)(2)

---

[6] As Dr. Lawson's Expert Report is not in evidence, it is not attached.  However, should the Court wish to review the report, Praxair will make it available at the Court's request.

01:21968934.1

("[w]hen an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings."). Thus, even if Praxair had never identified Belgian VasoKINOX in any expert report or pleading (which as demonstrated above is *not* the case), the Federal Rules still would not preclude Praxair from relying on Belgian VasoKINOX based on the evidence presented at trial.

### E. Praxair Did Not Fail to Prove Spanish VasoKINOX is Prior Art

Plaintiffs' assertion that Praxair only argued Belgian VasoKINOX is prior art because it failed to prove Spanish VasoKINOX was prior art is factually groundless and procedurally improper in light of this Court's refusal to grant Plaintiffs' request for a reply brief. Trial Tr. at 1519:22-1520:6. As Praxair demonstrated in its Post-Trial Brief, Spanish VasoKINOX was publicly available before June 30, 2008 and therefore qualifies as prior art. D.I. 285 ¶¶ 28-29, 64. Praxair merely introduced arguments regarding Belgian VasoKINOX's status as prior art due to Plaintiffs' admissions at trial.

## II. CONCLUSION

Plaintiffs' motion to strike is an attempt to rewrite the trial record that Plaintiffs created. Plaintiffs can cite no "new argument" that Praxair made that is not based entirely on evidence that Plaintiffs voluntarily offered at trial. Plaintiffs' motion to strike should be denied.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ James L. Higgins*
_____
Melanie K. Sharp (No. 2501)
James L. Higgins (No. 5021)
1000 North King Street
Wilmington, DE 19801
(302) 571-6681
msharp@ycst.com
jhiggins@ycst.com

MORGAN, LEWIS & BOCKIUS LLP
Michael J. Abernathy
Sanjay K. Murthy
Maria E. Doukas
Jennifer M. Dienes
Jesse T. Dyer
Caroline S. Lourgos
77 West Wacker Drive, Fifth Floor
Chicago, IL 60601
(312) 324-1000

Margaret A. McGreal
Julie S. Goldemberg
1701 Market St.
Philadelphia, PA 19103-2921
(215) 963-5000

Dated: May 30, 2017                 *Attorneys for Praxair Distribution, Inc. and Praxair, Inc.*

01:21968934.1